13:32:22

1              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF TEXAS
2                   AUSTIN DIVISION

3   FLASH-CONTROL, LLC          ) Docket No. A 19-CA-1107 ADA
                                )
4   vs.                         ) Austin, Texas
                                )
5   INTEL CORPORATION           ) February 14, 2020

6

7            TRANSCRIPT OF TELEPHONE CONFERENCE
          BEFORE THE HONORABLE ALAN D. ALBRIGHT

8

9   APPEARANCES:

10  For the Plaintiff:      Mr. Derek F. Dahlgren
    **(Telephonically)**    Devlin Law Firm, LLC
11                          1526 Gilpin Avenue
                            Wilmington, Delaware 19806

12

13

14  For the Defendant:      Mr. J. Stephen Ravel
                            Kelly, Hart & Hallman, LLP
15                          303 Colorado Street, Suite 2000
                            Austin, Texas 78701

16

17

18  Court Reporter:         Ms. Lily Iva Reznik, CRR, RMR
                            501 West 5th Street, Suite 4153
19                          Austin, Texas 78701
                            (512)391-8792

20

21

22

23

24

25  Proceedings reported by digital stenography, transcript
    produced by computer.

| | | |
|---|---|---|
| 13:32:23 | 1 | THE CLERK:  Court calls:  A-19-CV-1107, |
| 13:32:27 | 2 | Flash-Control, LLC vs. Intel Corporation, for a telephone |
| 13:32:30 | 3 | scheduling hearing. |
| 13:32:31 | 4 | THE COURT:  Good afternoon, everyone.  This is |
| 13:32:35 | 5 | Alan Albright.  How are y'all today? |
| 13:32:38 | 6 | MR. RAVEL:  Good, Judge. |
| 13:32:42 | 7 | MR. DAHLGREN:  Doing fine, your Honor. |
| 13:32:44 | 8 | THE COURT:  If you could do this.  If we could |
| 13:32:46 | 9 | run through and have you state on the record who will be |
| 13:32:48 | 10 | speaking on behalf of the plaintiff, and whether or not |
| 13:32:50 | 11 | you have any clients that are also on the call, and who |
| 13:32:53 | 12 | are they, but then, if either Mr. Ravel or whoever will |
| 13:33:04 | 13 | speak for the defendant but, also, whoever will be talking |
| 13:33:05 | 14 | with respect to the hearing can speak up. |
| 13:33:07 | 15 | MR. DAHLGREN:  Your Honor, this is Derek Dahlgren |
| 13:33:09 | 16 | from the Devlin Law Firm.  I will be speaking on behalf of |
| 13:33:12 | 17 | plaintiff.  There's no one from our client participating |
| 13:33:16 | 18 | on this call. |
| 13:33:16 | 19 | THE COURT:  Okay.  And for the defendant. |
| 13:33:19 | 20 | MR. RAVEL:  Your Honor, Steve Ravel from Kelly |
| 13:33:22 | 21 | Hart in Austin for the defendant.  With me is my |
| 13:33:24 | 22 | co-counsel, Jim Wren, my co-counsel, Sonal Mehta, and our |
| 13:33:28 | 23 | client, Lien Dang.  I think you met Ms. Mehta and Ms. Dang |
| 13:33:32 | 24 | at the motion to dismiss hearing last October. |
| 13:33:35 | 25 | THE COURT:  I did.  Okay.  And so, I'm happy to |

| | | |
|---|---|---|
| 13:33:39 | 1 | hear either -- from either counsel about what we should do |
| 13:33:43 | 2 | here today. |
| 13:33:46 | 3 | MR. DAHLGREN:  Sure.  This is Derek Dahlgren on |
| 13:33:49 | 4 | behalf of plaintiff. |
| 13:33:50 | 5 | We are the ones who, I guess, requested that |
| 13:33:53 | 6 | there be a modification to the schedule.  We found out on |
| 13:33:57 | 7 | January 22nd that the defendant was going to file an early |
| 13:34:02 | 8 | motion for summary judgment.  On January 29th, we asked |
| 13:34:05 | 9 | them not to do that.  We felt that there were two many |
| 13:34:07 | 10 | kind of fact issues and that wasn't appropriate where |
| 13:34:10 | 11 | we're at at this stage and given the Court's schedule, but |
| 13:34:15 | 12 | put the deadline no later than end of fall discovery, |
| 13:34:18 | 13 | thought it would be appropriate to assert that. |
| 13:34:21 | 14 | Defendants went ahead and proceeded.  We had a |
| 13:34:24 | 15 | meet-and-confer before that where they said, take a look |
| 13:34:25 | 16 | at what we filed and then, maybe let's talk and see if we |
| 13:34:28 | 17 | could work something out.  So they filed their combined |
| 13:34:31 | 18 | Markman and summary judgment brief.  We had a series of |
| 13:34:35 | 19 | meetings but were unable to agree on extension.  What we |
| 13:34:38 | 20 | had requested initially was five additional meets for the |
| 13:34:40 | 21 | summary judgment briefing, push everything back five weeks |
| 13:34:44 | 22 | and decouple for Markman. |
| 13:34:46 | 23 | And now, what we actually requested be six weeks |
| 13:34:49 | 24 | because of the amount of time that we spent kind of going |
| 13:34:51 | 25 | back and forth, trying to work this out.  We think that, |

| | | |
|---|---|---|
| 13:34:54 | 1 | you know, they're separate issues, that it would confuse |
| 13:34:59 | 2 | Markman and that we also, I think, more importantly -- |
| 13:35:01 | 3 | this is a critical piece.  We tried to work with our |
| 13:35:05 | 4 | expert to come up with our responsive brief and deal with |
| 13:35:08 | 5 | the summary judgment portion of their brief and, also, |
| 13:35:12 | 6 | time for depositions and all that.  So we think under the |
| 13:35:15 | 7 | current schedule, which would have our responsive brief |
| 13:35:18 | 8 | due in less than a week, that extension is warranted. |
| 13:35:20 | 9 | THE COURT:  And just to be clear, I'm having a |
| 13:35:23 | 10 | slightly hard time hearing you, which is probably our |
| 13:35:28 | 11 | technology or my bad hearing.  Let me just make sure that |
| 13:35:33 | 12 | what it is that you're asking for on behalf of the |
| 13:35:35 | 13 | plaintiffs is to push the schedule back for the Markman |
| 13:35:38 | 14 | and the hearing on the summary judgment by six weeks? |
| 13:35:42 | 15 | MR. DAHLGREN:  No, your Honor.  Sorry.  I didn't |
| 13:35:44 | 16 | mean to interrupt, but what we're requesting is that the |
| 13:35:47 | 17 | two be decoupled. |
| 13:35:49 | 18 | THE COURT:  Okay. |
| 13:35:50 | 19 | MR. DAHLGREN:  The Markman schedule stay as it is |
| 13:35:52 | 20 | and the summary judgment briefing be pushed back six |
| 13:35:55 | 21 | weeks.  As you know, discovery and things are pretty much |
| 13:36:00 | 22 | stayed until after Markman.  So if you push back Markman |
| 13:36:03 | 23 | and summary judgment, essentially you're giving defendant |
| 13:36:07 | 24 | a stay pending their summary judgment motion.  It would |
| 13:36:10 | 25 | move the stay pending summary judgment. |

| | | |
|---|---|---|
| 13:36:12 | 1 | THE COURT:  Okay.  So -- |
| 13:36:13 | 2 | MR. DAHLGREN:  So I think it's not -- sorry. |
| 13:36:14 | 3 | THE COURT:  No, no. |
| 13:36:15 | 4 | So both -- everyone wants to hold the Markman -- |
| 13:36:19 | 5 | to hold in place the Markman on April 1st.  The question |
| 13:36:23 | 6 | is whether or not we push back the date for the summary |
| 13:36:27 | 7 | judgment hearing, past that date by six weeks to allow the |
| 13:36:31 | 8 | parties to brief it.  Is that your -- what you're saying? |
| 13:36:35 | 9 | MR. DAHLGREN:  I can't speak for defendant.  They |
| 13:36:39 | 10 | proposed two alternatives for a very modest extension to |
| 13:36:45 | 11 | the summary judgment on our briefing schedule that keeps |
| 13:36:47 | 12 | the current Markman and, also, pushing back -- the latest |
| 13:36:50 | 13 | was pushing back both.  That's the response to me during |
| 13:36:52 | 14 | our meet-and-confer.  And, again, plaintiff's solution is |
| 13:36:56 | 15 | that we would like to keep April 1st Markman date and have |
| 13:36:59 | 16 | summary judgment briefing be on a separate track and be |
| 13:37:03 | 17 | separate from Markman so that the case doesn't slow down; |
| 13:37:06 | 18 | so the case isn't stayed, effectively. |
| 13:37:08 | 19 | THE COURT:  Gotcha. |
| 13:37:09 | 20 | MR. DAHLGREN:  During the period of time for |
| 13:37:11 | 21 | summary judgment. |
| 13:37:11 | 22 | THE COURT:  And have I set a date for the trial? |
| 13:37:17 | 23 | MR. DAHLGREN:  Your Honor, I haven't pulled up |
| 13:37:19 | 24 | the schedule.  I apologize. |
| 13:37:20 | 25 | THE COURT:  No.  I apologize.  Everyone I ask |

| | | |
|---|---|---|
| 13:37:24 | 1 | that question here, everyone -- |
| 13:37:27 | 2 | MR. DAHLGREN:  I believe it was only scheduled |
| 13:37:28 | 3 | through Markman, but I could very, very well be incorrect. |
| 13:37:33 | 4 | I apologize if I get the date wrong, your Honor.  I might |
| 13:37:35 | 5 | be confusing them. |
| 13:37:37 | 6 | MR. RAVEL:  Your Honor, it's set for jury trial |
| 13:37:39 | 7 | during the range of February 25th, 2021 to March 18th, |
| 13:37:44 | 8 | 2021.  And I do have -- |
| 13:37:46 | 9 | MR. DAHLGREN:  Thank you. |
| 13:37:47 | 10 | MR. RAVEL:  -- one big disagreement with Mr. |
| 13:37:49 | 11 | Dahlgren.  Is it my turn to talk? |
| 13:37:52 | 12 | THE COURT:  Not quite yet.  Almost. |
| 13:37:55 | 13 | And so, the reason I care about the trial |
| 13:37:57 | 14 | schedule is, does decoupling the summary judgment hearing |
| 13:38:03 | 15 | from the April 1st date or -- and setting it for whenever, |
| 13:38:10 | 16 | does that interfere at all with anything that would make |
| 13:38:15 | 17 | -- does it interfere in any way with keeping the trial |
| 13:38:17 | 18 | scheduled when it's scheduled? |
| 13:38:21 | 19 | MR. DAHLGREN:  Plaintiff's solution to that is, |
| 13:38:23 | 20 | it would not interfere whatsoever. |
| 13:38:24 | 21 | THE COURT:  Okay. |
| 13:38:25 | 22 | MR. DAHLGREN:  There's already currently a |
| 13:38:26 | 23 | deadline for summary judgment brief till after the end of |
| 13:38:29 | 24 | all discovery, fact and expert.  We think that is |
| 13:38:31 | 25 | appropriate here.  But we're trying to work with |

| | |
|---|---|
| 13:38:34 | 1  defendants to allow them to have extension brief.  But we |
| 13:38:39 | 2  would need some additional time and we do not want the |
| 13:38:41 | 3  case stayed.  Now, I do think that if you did push back |
| 13:38:44 | 4  the Markman along with summary judgment, then it would |
| 13:38:47 | 5  essentially impact the trial date.  But we don't think |
| 13:38:49 | 6  that's necessary.  Plaintiffs believe we could go two |
| 13:38:53 | 7  separate tracks. |
| 13:38:53 | 8           THE COURT:  Well, I'm not planning on pushing |
| 13:38:55 | 9  back the trial date or the Markman date.  So let me hear |
| 13:38:58 | 10  from Mr. Ravel. |
| 13:39:00 | 11          MR. RAVEL:  Well, Judge, Intel is asking you to |
| 13:39:05 | 12  push back the Markman date so as to be courteous to the |
| 13:39:08 | 13  plaintiff.  And let me begin by saying it's not a |
| 13:39:11 | 14  traditional Markman.  No claims are being construed. |
| 13:39:15 | 15  There are two issues and two issues only. |
| 13:39:17 | 16          THE COURT:  Okay. |
| 13:39:17 | 17          MR. RAVEL:  One indefiniteness issue and one |
| 13:39:20 | 18  written description issue.  And as you can hear, the big |
| 13:39:25 | 19  difference between the parties is whether those should be |
| 13:39:28 | 20  worked up by Dr. Yi and you, separately or together.  And |
| 13:39:34 | 21  that is the only reason that we have suggested moving the |
| 13:39:39 | 22  hearing on both of those issues is to give plaintiffs |
| 13:39:43 | 23  exactly the five-week extension that they want.  It would |
| 13:39:49 | 24  be impossible to give them what they asked for and keep |
| 13:39:54 | 25  the April 1st date. |

| | | |
|---|---|---|
| 13:39:55 | 1 | And we think decoupling is just wrong from a |
| 13:40:01 | 2 | judicial, judicial staff point of view, and from a party's |
| 13:40:05 | 3 | point of view. And I'll start from the bottom of the |
| 13:40:12 | 4 | chart that I sent to Dr. Yi, right before lunch, and that |
| 13:40:18 | 5 | is the offer to give Flash-Control until March 25th to |
| 13:40:25 | 6 | respond to the summary judgment opening claim construction |
| 13:40:29 | 7 | brief that set out our position on indefiniteness and |
| 13:40:33 | 8 | written description on the 5th of February. So it gives |
| 13:40:40 | 9 | them six weeks, exactly what they asked for. It allows |
| 13:40:42 | 10 | the parties to give the Court back the entire day of April |
| 13:40:48 | 11 | 1st that we're holding on your schedule and, instead, have |
| 13:40:52 | 12 | the two or three-hour hearing sometime during the week of |
| 13:40:56 | 13 | May 18th. |
| 13:40:59 | 14 | And let me now kind of circle back to Mr. |
| 13:41:04 | 15 | Dahlgren's argument is, they've known since January 15th |
| 13:41:09 | 16 | that we were going to raise indefiniteness. And they've |
| 13:41:12 | 17 | known since our extrinsic evidence disclosure that we were |
| 13:41:16 | 18 | going to raise written description. So we -- even before |
| 13:41:20 | 19 | we filed the motion, we told them -- we tried to meet and |
| 13:41:24 | 20 | confer before the motion was filed to see if we could come |
| 13:41:27 | 21 | up with an extension that was fair to them and not make |
| 13:41:33 | 22 | extra work for the Court. |
| 13:41:34 | 23 | THE COURT: Mr. Ravel, let me ask you this. I |
| 13:41:38 | 24 | don't mean to ask it as a leading question, but I don't |
| 13:41:40 | 25 | know how to do it as a non-leading question. |

| | | |
|---|---|---|
| 13:41:44 | 1 | So it sounds to me -- and then, I'll hear from |
| 13:41:48 | 2 | plaintiff's counsel.  It sounds to me like this is a |
| 13:41:55 | 3 | unique case where the motion for summary judgment, if |
| 13:41:59 | 4 | briefed correctly, would be like a super Markman hearing, |
| 13:42:03 | 5 | for lack of a better way of putting it, that I can either |
| 13:42:08 | 6 | -- I can address these issues at the Markman, and then, |
| 13:42:13 | 7 | you all will file a motion for summary judgment -- you'll |
| 13:42:17 | 8 | be filing motions for summary judgment, sort of double |
| 13:42:20 | 9 | tracking, but unsure of exactly what I'm going to rule on. |
| 13:42:24 | 10 | Or we could combine it all into one summary judgment |
| 13:42:31 | 11 | hearing that probably would subsume what happens in the |
| 13:42:35 | 12 | Markman, correct? |
| 13:42:36 | 13 | MR. RAVEL:  That's exactly right, Judge. |
| 13:42:37 | 14 | And the Markman issue indefiniteness just relates |
| 13:42:42 | 15 | to one claim.  And the written description argument -- and |
| 13:42:46 | 16 | it's our position that they're very linked because the |
| 13:42:50 | 17 | specification is read to determine if indefiniteness is |
| 13:42:55 | 18 | avoided.  And the specification is studied very carefully |
| 13:43:00 | 19 | to determine if written description is there.  That's the |
| 13:43:03 | 20 | linkage. |
| 13:43:04 | 21 | Plus this court links those two things in its |
| 13:43:09 | 22 | invalidity disclosures.  It talks about them in the same |
| 13:43:12 | 23 | sentence.  So yeah, it's always a bad idea to quibble with |
| 13:43:17 | 24 | the Court, but it would be more like a super motion |
| 13:43:22 | 25 | hearing that would resolve either one claim or all claims |

13:43:29  1  in both cases.  And the reason I say that is, they're both

13:43:32  2  112 issues, but we're not going to be working on what does

13:43:36  3  any claim mean.  We're working on whether one claim goes

13:43:40  4  away for indefiniteness, all the claims go away for

13:43:43  5  written description, or, not that this is going to happen,

13:43:47  6  that we lose on both of those.

13:43:49  7        But the point is, what Intel's proposal is

13:43:54  8  designed to do is keep them together, treat them like they

13:43:58  9  are quasi-Markman issues -- because that's what they are.

13:44:02  10  They're not claim construction, but they fall under the

13:44:05  11  112, you know, umbrella, and to do it at a time that's

13:44:11  12  exactly the extension that Flash-Control asked us for at

13:44:17  13  the beginning.

13:44:20  14        And their mantra has been, you should unlink

13:44:26  15  them.  I think I've killed that one all I can.  I mean,

13:44:29  16  I've bought my wad on that.  And they've said the reason

13:44:32  17  they need more time, which we're agreeing to give them, is

13:44:37  18  that they need work with their expert, and yet, no expert

13:44:41  19  has been identified or their testimony summarized.

13:44:46  20        So we're trying to do them a favor in two ways:

13:44:50  21  Give them the time they need for briefing and give them

13:44:54  22  time to either find or get with an expert so that we can

13:44:58  23  work this -- these two issues out together, once and for

13:45:02  24  all, a little bit after the Markman would have been in a

13:45:05  25  shorter hearing.  Maybe considerably shorter.

| | | |
|---|---|---|
| 13:45:08 | 1 | THE COURT:  And, again, if I were inspired to |
| 13:45:15 | 2 | want to combine the two hearings by pushing it back, it |
| 13:45:26 | 3 | gives the plaintiffs more time to do their briefing. |
| 13:45:29 | 4 | MR. RAVEL:  And to disclose their expert and for |
| 13:45:30 | 5 | us to depose theirs, theirs to depose ours.  The longer |
| 13:45:33 | 6 | time makes sense for efficiency for everybody. |
| 13:45:38 | 7 | THE COURT:  Okay.  Let me hear from plaintiff's |
| 13:45:40 | 8 | counsel as to -- I will tell you that now knowing what it |
| 13:45:45 | 9 | is that I would be taking up at the motion for summary |
| 13:45:48 | 10 | judgment, it does make sense to my clerk and I -- and he's |
| 13:45:51 | 11 | way smarter than I am and understands this stuff -- that |
| 13:45:55 | 12 | it would make more sense to do it all at once.  That is |
| 13:46:01 | 13 | pretty clear to me.  I think what we're arguing over now |
| 13:46:03 | 14 | is when we do that. |
| 13:46:07 | 15 | And for the plaintiff, assuming I maintain the |
| 13:46:17 | 16 | trial date when we have it set, which is on March 8th of |
| 13:46:20 | 17 | 2021, how is the plaintiff harmed by me pushing back the |
| 13:46:25 | 18 | date and then, having a combined hearing on both? |
| 13:46:30 | 19 | MR. DAHLGREN:  Sure.  There's a number of points |
| 13:46:33 | 20 | I want to address, your Honor. |
| 13:46:34 | 21 | THE COURT:  Okay. |
| 13:46:35 | 22 | MR. DAHLGREN:  But I will first answer your |
| 13:46:37 | 23 | question, and then, I would like to respond to a couple of |
| 13:46:39 | 24 | Mr. Ravel's points that he made. |
| 13:46:40 | 25 | But the harm would be that discovery's stayed |

13:46:43   1  until after Markman in this case, so essentially what
13:46:47   2  you're doing is giving them a six-week stay and then,
13:46:51   3  maintain the current trial date or shortening the time for
13:46:55   4  discovery essentially that maybe we could work on the
13:47:00   5  deadlines.  But I think that would be a definite harm to
13:47:03   6  plaintiff.
13:47:03   7        THE COURT:  Well, let me ask you about that.  I
13:47:09   8  certainly understand that.  I don't want that to be the
13:47:15   9  result; but the same time, I'm being told by counsel for
13:47:21  10  Intel that the motion for summary judgment has the
13:47:24  11  potential to eliminate the entire case or both patents.
13:47:30  12        I'm not asking you to say he's right, but I do
13:47:32  13  want to know if you agree that if I were to give the
13:47:37  14  defendant all the relief that they're seeking, is that
13:47:40  15  correct that it would take out the two patents?
13:47:46  16        MR. DAHLGREN:  My understanding is that they've
13:47:50  17  asserted word descriptions of all the asserted claims.
13:47:52  18  Now, what they've done, your Honor -- I think this goes to
13:47:54  19  whether the efficiency combining this with Markman,
13:47:57  20  they've identified one example of an exemplary claim, but
13:48:00  21  there are a number of other independent claims.  There's
13:48:03  22  variations in the language.  There are a number of factual
13:48:08  23  issues that underpin written description, what it means to
13:48:11  24  a person of ordinary skill in the art, the level of
13:48:15  25  technology, you know, things along those lines that would

| | | |
|---|---|---|
| 13:48:19 | 1 | also go to the description analysis that wouldn't |
| 13:48:22 | 2 | necessarily be part of the Markman analysis. |
| 13:48:24 | 3 |      Now, for Markman, he's identified one term that |
| 13:48:28 | 4 | they allege is indefinite.  Even though it's an |
| 13:48:31 | 5 | indefiniteness issue, when you look at claim construction |
| 13:48:34 | 6 | and indefiniteness, you're looking at the scope of the |
| 13:48:36 | 7 | claim, the balance of the claim, word description to the |
| 13:48:39 | 8 | bounds of the specification.  So the analysis -- the |
| 13:48:42 | 9 | fundamental analysis in the two, while there is some |
| 13:48:45 | 10 | overlap, it's different.  And I think that for, you know, |
| 13:48:49 | 11 | that reason, I think it would be appropriate to not have |
| 13:48:51 | 12 | them combined together. |
| 13:48:52 | 13 |      I don't see there really being be much loss of |
| 13:48:56 | 14 | efficiency because there's one very discrete term of one |
| 13:48:58 | 15 | single claim of one patent that they're treating as |
| 13:49:01 | 16 | indefinite.  I think that could be decided fairly easily. |
| 13:49:03 | 17 | And there's also one other term -- one limitation they |
| 13:49:07 | 18 | left out of the written description. |
| 13:49:08 | 19 |      So I think that if the Court said was indefinite, |
| 13:49:11 | 20 | that would affect the summary judgment briefing and |
| 13:49:14 | 21 | everything.  So it might actually make more sense to do |
| 13:49:16 | 22 | them in order, having the Markman first and then, summary |
| 13:49:21 | 23 | judgment: because the Court's ruling on Markman could |
| 13:49:24 | 24 | inform the briefings on summary judgment.  That's another |
| 13:49:29 | 25 | reason to defer summary judgment and to have them be |

| | | |
|---|---|---|
| 13:49:32 | 1 | separately. |
| 13:49:34 | 2 | You know, just the fact that they're both 112 |
| 13:49:36 | 3 | issues on their face, I don't think that that really means |
| 13:49:38 | 4 | there's a lot of efficiency deciding those two together. |
| 13:49:41 | 5 | THE COURT:  Okay.  Mr. Ravel. |
| 13:49:44 | 6 | MR. RAVEL:  Well, first. |
| 13:49:45 | 7 | MR. DAHLGREN:  I just want to note that -- |
| 13:49:47 | 8 | MR. RAVEL:  Oh, okay -- |
| 13:49:48 | 9 | MR. DAHLGREN:  -- sorry.  And one thing, we were |
| 13:49:50 | 10 | a little caught off-guard by the indefiniteness argument. |
| 13:49:53 | 11 | So they served their initial invalidity contentions in |
| 13:49:56 | 12 | December.  They did not allege indefiniteness.  We pointed |
| 13:49:59 | 13 | this out after we received their disclosure of extrinsic |
| 13:50:02 | 14 | evidence and proposed constructions and said -- you know, |
| 13:50:10 | 15 | we'll have the amended contentions on January 28th. |
| 13:50:12 | 16 | So we were kind of trying to figure out this |
| 13:50:14 | 17 | indefinite issue.  We didn't respond about the summary |
| 13:50:17 | 18 | judgment issue until January 29th; and since that time, |
| 13:50:20 | 19 | we've been working with them essentially to try to figure |
| 13:50:23 | 20 | out something that works.  But our first position to be |
| 13:50:27 | 21 | clear, our initial solution was that summary judgment |
| 13:50:29 | 22 | should be deferred until the deadline's already scheduled |
| 13:50:32 | 23 | because it's premature at this point. |
| 13:50:34 | 24 | But in the interest of working with them, we said |
| 13:50:36 | 25 | that we would try to come up with some alternative |

| | | |
|---|---|---|
| 13:50:38 | 1 | schedule.  It's always been that it should be separate |
| 13:50:41 | 2 | from Markman. |
| 13:50:43 | 3 | THE COURT:  Mr. Ravel.  And let me apologize to |
| 13:50:46 | 4 | plaintiff's counsel.  I thought you were done -- when you |
| 13:50:49 | 5 | pause on a conference call, I just assumed you were done. |
| 13:50:51 | 6 | I didn't mean to interrupt you.  I apologize. |
| 13:50:53 | 7 | MR. DAHLGREN:  Yeah.  No, no.  It's fine, your |
| 13:50:53 | 8 | Honor. |
| 13:50:56 | 9 | Just the last point I was going to make is, you |
| 13:50:58 | 10 | know, Mr. Ravel said something about not disclosing |
| 13:51:00 | 11 | experts and stuff like that.  You know, the Court's order |
| 13:51:04 | 12 | requires that be done for purposes of Markman.  Our intent |
| 13:51:06 | 13 | is not use the expert for the indefiniteness issue, but we |
| 13:51:09 | 14 | are most definitely going to be using an expert for |
| 13:51:12 | 15 | dealing with their written description challenge. |
| 13:51:15 | 16 | And we have an expert, we're currently working |
| 13:51:19 | 17 | with that expert in forming our positions and doing |
| 13:51:23 | 18 | everything we can because, right now, we have to respond |
| 13:51:26 | 19 | in under a week, according to the default schedule under |
| 13:51:30 | 20 | your local rules.  So we're working there.  But I don't |
| 13:51:36 | 21 | think it's required that we disclose that person right now |
| 13:51:39 | 22 | or disclose the summary of their testimony prior to |
| 13:51:41 | 23 | responding to the summary judgment portion of their brief. |
| 13:51:46 | 24 | Minor point.  I just wanted to clarify that. |
| 13:51:50 | 25 | MR. RAVEL:  Your Honor, about four points.  First |

13:51:52  1   of all, the proposal we've made has Flash-Control's next

13:51:58  2   pleading due to this court on March 25th.  So 10 days plus

13:52:06  3   a month from now.  Not next Wednesday.

13:52:11  4          The proposal that we did also kind of simplified

13:52:15  5   the pleadings, and it is subject to Dr. Yi's approval in

13:52:21  6   when we saw we had no traditional constructions, we

13:52:25  7   thought maybe both parties opening, both parties

13:52:29  8   responding, and both parties replying might not be

13:52:33  9   necessary.  So we went back to more of a motion response

13:52:37  10  reply, and Dr. Yi gets a vote on whether that gives him

13:52:42  11  enough information timely.  So that's one thing.

13:52:46  12         I was listening to Mr. Dahlgren very, very

13:52:49  13  closely, and I think he did a pretty nice job of saying

13:52:53  14  why he might keep us from winning either of these motions,

13:52:59  15  but I didn't hear a really good reason to decouple them.

13:53:03  16  Is there certainly enough linked that they should be

13:53:06  17  coupled.  And it seems to me that they are saying it's

13:53:11  18  almost prejudicial for them to be coupled, and we really

13:53:15  19  do disagree with that.

13:53:19  20         I'm looking at the actual schedule, and the

13:53:23  21  Markman that we are saying take your day back, Judge, and

13:53:28  22  give us half a day during the week of May 18th, fact

13:53:33  23  discovery doesn't begin now until two weeks later, April

13:53:36  24  15th.  And if the Court is particularly concerned or if

13:53:41  25  the plaintiff is particularly concerned about shortening

| | | |
|---|---|---|
| 13:53:44 | 1 | fact discovery, while we wouldn't be wild about it, Intel |
| 13:53:50 | 2 | is certainly willing for fact discovery to begin when it's |
| 13:53:54 | 3 | scheduled.  If the plaintiff is concerned about not having |
| 13:53:56 | 4 | enough time, we don't need to move that date. |
| 13:54:00 | 5 | THE COURT:  Yeah.  That was something I was going |
| 13:54:03 | 6 | to raise.  Well, look, there's no perfect solution here. |
| 13:54:08 | 7 | And so, what I'm going to do -- although I know |
| 13:54:13 | 8 | it will make the plaintiff unhappy, but I don't think |
| 13:54:15 | 9 | there's any prejudice from it -- is we will push back the |
| 13:54:19 | 10 | Markman hearing date of the 1st to -- I'm not sure that |
| 13:54:27 | 11 | that May date works for us. |
| 13:54:27 | 12 | LAW CLERK:  We'll have to find a date. |
| 13:54:31 | 13 | THE COURT:  We'll have to find a date, but it |
| 13:54:33 | 14 | will be in May. |
| 13:54:34 | 15 | And Mr. Ravel offered and the Court will accept |
| 13:54:41 | 16 | on the plaintiff's behalf that if you all want to -- if |
| 13:54:45 | 17 | either side or both want to begin discovery on the date |
| 13:54:47 | 18 | that it's currently scheduled, I think that's an important |
| 13:54:51 | 19 | part of my decision that neither side be prejudiced by the |
| 13:54:55 | 20 | delay that I'm imposing at this point. |
| 13:55:00 | 21 | And I really am, just for the record but just, |
| 13:55:03 | 22 | also, so plaintiff's counsel understands, I am kind of as |
| 13:55:09 | 23 | a -- more like a parent here, sitting here thinking, you |
| 13:55:14 | 24 | know, what do I do in this situation?  It seems to me that |
| 13:55:17 | 25 | everybody, including the Court, benefits by the delay in |

13:55:22   1   handling this all at once rather -- maybe just for the
13:55:26   2   Court but I think, actually, for the parties, as well, to
13:55:30   3   have it split up twice and have -- have to have us relearn
13:55:33   4   this stuff twice.
13:55:36   5        So we will postpone the March -- I'm sorry.  We
13:55:42   6   will postpone the April 1st date.  We will get you a date
13:55:46   7   in May, last half of May, and discovery can begin whenever
13:55:54   8   it's currently scheduled to begin.  Also, because I have,
13:56:00   9   sort of late in the game, changed some of the dates, if --
13:56:06   10  I don't usually think plaintiffs want to move trial dates,
13:56:10   11  but if the defendants lose these motions and the plaintiff
13:56:17   12  wants to tell me that they feel like that a trial date of
13:56:22   13  March 8th is now too soon to fully prepare, we will figure
13:56:28   14  out a way to fix that on behalf of the parties, as well.
13:56:31   15       So I want to try and make this move as
13:56:35   16  non-prejudicial as possible to either side and that's, I
13:56:40   17  think the only -- I think I have to have a resolution, and
13:56:42   18  that's the one that provides the least amount of prejudice
13:56:45   19  of the options that I have.
13:56:49   20       So for plaintiff's counsel, did I leave anything
13:56:51   21  out that I should be telling you or deciding?
13:56:55   22       MR. DAHLGREN:  No, your Honor.
13:56:56   23       If discovery could be allowed to commence at the
13:56:59   24  date that's currently on the schedule, I don't believe
13:57:02   25  there would be any need to move the trial date.

13:57:04    1           THE COURT:  Okay.

13:57:05    2           MR. DAHLGREN:  So we'll accept that proposal and

13:57:08    3   I appreciate it.  Thank you.

13:57:08    4           THE COURT:  Okay.  Yeah, Mr. Ravel's very wise.

13:57:11    5   He actually knows me well enough to know that I was going

13:57:15    6   to have some horse trading here and that I was probably

13:57:18    7   going to suggest that that was a way of making this work.

13:57:22    8   So he was wise to suggest it and take credit for it, but I

13:57:25    9   think it's a wise suggestion.

13:57:27   10           So, Mr. Ravel, do you have anything else?

13:57:29   11           MR. RAVEL:  Nothing, Judge.  Don't want to seem

13:57:31   12   pushy, but if you can get us a date, that will give the

13:57:35   13   parties a real leg up in coming up with an agreed

13:57:38   14   schedule, coming backwards from that date.  So that would

13:57:41   15   be real helpful.

13:57:41   16           THE COURT:  I'm hopeful that Josh will get you

13:57:43   17   one by Monday.

13:57:46   18           MR. RAVEL:  Better service than one could ever

13:57:48   19   ask for, Judge.

13:57:49   20           THE COURT:  Well, you asked for it, actually.

13:57:49   21   So.

13:57:52   22           At any rate, we will -- we're a little out of

13:57:56   23   pocket here in Austin.  I mean, we have access to the

13:57:59   24   calendar, but this may require us to do a little jiggling

13:58:03   25   with our other clerks to find the space in May to come up

| | | |
|---|---|---|
| 13:58:08 | 1 | with.  And I'm going to assume we'll probably have that |
| 13:58:10 | 2 | hearing here in Austin. |
| 13:58:12 | 3 | MR. RAVEL:  I think both parties have asked for |
| 13:58:14 | 4 | that, Judge. |
| 13:58:14 | 5 | THE COURT:  Okay.  That means it will most likely |
| 13:58:16 | 6 | be on a Monday or a Friday for your planning purposes.  I |
| 13:58:21 | 7 | can -- if I can figure out a Monday where I'm not starting |
| 13:58:25 | 8 | a trial, that's probably what we'll do.  If I can't, then |
| 13:58:28 | 9 | I'll do some work, it will be on a Friday.  But Josh and I |
| 13:58:33 | 10 | will work that out and we'll get you something by Monday. |
| 13:58:35 | 11 | Anything else from plaintiff? |
| 13:58:37 | 12 | MR. DAHLGREN:  No, your Honor. |
| 13:58:39 | 13 | I think that was a good compromise and I |
| 13:58:43 | 14 | appreciate it and I thank you.  And I hope you guys have a |
| 13:58:45 | 15 | great weekend. |
| 13:58:46 | 16 | THE COURT:  I hope you have a great weekend, as |
| 13:58:48 | 17 | well, my friend.  Have a great day. |
| 13:58:53 | 18 | MR. RAVEL:  Nothing further from Intel, Judge. |
| 13:59:09 | 19 | (End of proceedings.) |
| 13:59:09 | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

1                        *  *  *  *  *  *

2

3

4    UNITED STATES DISTRICT COURT  )

5    WESTERN DISTRICT OF TEXAS)

6

7       I, LILY I. REZNIK, Certified Realtime Reporter,

8    Registered Merit Reporter, in my capacity as Official

9    Court Reporter of the United States District Court,

10   Western District of Texas, do certify that the foregoing

11   is a correct transcript from the record of proceedings in

12   the above-entitled matter.

13      I certify that the transcript fees and format comply

14   with those prescribed by the Court and Judicial Conference

15   of the United States.

16      WITNESS MY OFFICIAL HAND this the 24th day of February,

17   2020.

18

19

20                              /s/Lily I. Reznik
                                LILY I. REZNIK, CRR, RMR
21                              Official Court Reporter
                                United States District Court
22                              Austin Division
                                501 W. 5th Street,
23                              Suite 4153
                                Austin, Texas 78701
24                              (512)391-8792
                                Certification No. 4481
25                              Expires:  1-31-21